## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| DEANNIE B., | ) |
| | ) |
|        Plaintiff | ) |
| | ) |
| v. | )    No. 1:22-cv-00067-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|        Defendant | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Social Security Disability (SSD) and Supplemental Security Income (SSI) appeal contends that the Administrative Law Judge (ALJ) erred by finding her capable of performing three jobs that require more frequent reaching than her residual functional capacity (RFC) would permit and by rejecting the medical opinion of her longtime treating provider. *See* Statement of Errors (ECF No. 14). For the reasons that follow, I recommend that the Court affirm the Commissioner's decision.

### I. Background

The Plaintiff applied for benefits in late 2019. *See* Record at 13, 270-76. After her claims were denied at the initial and reconsideration levels, she requested a hearing before an ALJ. *See id.* at 115-20, 122-27, 129-34, 136-41, 165-66. The ALJ conducted a hearing in March 2021 and a supplemental hearing in June 2021, *see id.* at 73-113, following which he issued a partially favorable decision, *see id.* at 13-33.

1

The ALJ found that the Plaintiff suffered from the severe impairments of polyarteritis nodosa and morbid obesity, but that she had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that she could frequently handle and finger with her bilateral upper extremities; she could occasionally reach, push, and pull with her bilateral upper extremities; she could occasionally climb, balance, stoop, kneel, crouch, and crawl; and she could occasionally work with moving mechanical items or at unprotected heights. *See* Record at 16, 21.  With such an RFC, the ALJ concluded that the Plaintiff could not return to her past relevant work but could perform other work existing in significant numbers in the national economy between August 15, 2017, her alleged onset date, and June 24, 2021, and that she was therefore not disabled during that period.  *See id.* at 13, 29-32.  The ALJ went on to find, however, that the Plaintiff became disabled as of June 25, 2021, due to a change in her age category.[1]  *See id.* at 32.  The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9

---

[1] As the Plaintiff notes, *see* Statement of Errors at 1 n.1, the ALJ's finding that she became disabled as of June 25, 2021, entitles her only to SSI benefits because her SSD date last insured was June 30, 2019, *see* Record at 16.

(1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

### A. Vocational Issues

In her statement of errors, the Plaintiff first challenges the ALJ's reliance on three jobs in finding her not disabled prior to June 25, 2021, at Step 5. *See* Statement of Errors at 9-16. Specifically, she points out that the *Dictionary of Occupational Titles* (*DOT*) indicates that the jobs of eyeglass frame polisher, escort vehicle driver, and stem mounter all require more than the occasional reaching permitted by her RFC, and that the ALJ failed to properly resolve this apparent conflict before relying on a vocational expert's testimony that she could perform those jobs. *See id.* at 11-13; Record at 31.

The Commissioner concedes "that the jobs of eyeglass frame polisher, escort vehicle driver, and stem mounter[ ] cannot be performed by an individual with [the] Plaintiff's RFC." *See* Opposition (ECF No. 17) at 3. Nevertheless, she argues that any error was harmless because the ALJ also relied on three other jobs in finding the

3

Plaintiff not disabled before June 25, 2021: surveillance system monitor, call-out operator, and election clerk. *See id.* at 3-4; Record at 31.

In a reply filed with permission, the Plaintiff argues that the job of election clerk is a seasonal job that "does not exist on a regular and continuing basis." Reply (ECF No. 20) at 2. She also argues that the jobs of surveillance system monitor (8,417 positions available nationally) and call-out operator (3,335 positions available nationally) do not exist in significant numbers and are therefore insufficient to satisfy the Commissioner's Step 5 burden. *See id.* at 3-4; Record at 31, 80.

In a surreply also filed with permission, the Commissioner asserts that the Plaintiff waived any objection to the three other jobs relied upon by the ALJ by failing to address them in her statement of errors. *See* Surreply (ECF No. 21) at 1-2. The Commissioner also argues that just the two jobs of surveillance system monitor and call-out operator satisfy her Step 5 burden because they collectively exist in significant numbers in the national economy. *See id.* at 3-4.

To keep my analysis simple, I will assume for the sake of argument that the Plaintiff did not waive any challenge to the three other jobs by failing to address them in her statement of errors. Even with such an assumption, the Commissioner still has the better argument because the only challenge the Plaintiff makes to the surveillance system monitor and call-out operator positions is that they do not individually exist in significant numbers. *See* Reply at 3-4. This argument fails in light of this Court's holding that the Commissioner may rely on aggregate job

4

numbers at Step 5.[2]  *See Terra H. v. Kijakazi*, No. 2:21-cv-00301-GZS, 2022 WL 4181781, at *3-4 (D. Me. Sept. 13, 2022) (rec. dec.) (rejecting a claimant's argument "that the Commissioner should not be permitted to rely on aggregate job numbers"), *aff'd*, 2022 WL 4759258 (D. Me. Oct. 3, 2022).  In aggregate, the jobs of surveillance system monitor and call-out operator have 11,752 positions available in the national economy, *see* Record at 31, 80, which is sufficient to meet the Commissioner's Step 5 burden, *see Vining v. Astrue*, 720 F. Supp. 2d 126, 137 (D. Me. 2010), and renders harmless any error the ALJ may have made in also relying on other jobs, *see Terra H.*, 2022 WL 4181781, at *3.

### B.  Weighing of Medical Opinion

The Plaintiff also contends that the ALJ failed to properly evaluate the opinion of her longtime treating provider, Christie Brown, F.N.P.  *See* Statement of Errors at 17-20; Record at 803-06.  The ALJ found NP Brown's opinion "unpersuasive because the conclusions" in it "were not supported by" NP Brown's "own treatment records" or "the record as a whole," which showed "consistently unremarkable exam findings."  Record at 29.

In an attempt to undermine these findings, the Plaintiff points to records that, according to her, demonstrate that NP Brown's opinion was actually consistent with

---

[2] For the first time at oral argument, the Plaintiff argued that the ALJ did not actually rely on the jobs of election clerk, surveillance system monitor, and call-out operator at Step 5.  The Plaintiff unquestionably waived this argument by herself describing the ALJ as having relied on these jobs in her written briefing.  *See* Reply at 3 ("The ALJ denied the Plaintiff's claim at step five by finding the occupation of *call-out operator* . . . exists in significant numbers."); *id.* at 4 ("The ALJ denied the Plaintiff's claim at step five by finding the occupation of *surveillance system monitor* . . . exists in significant numbers.").

her own treatment notes. *See* Statement of Errors at 18-19. She further asserts that NP Brown's opinion was consistent with the opinion of consultative examiner Heather Sevigny, FNP-C. *See id.* at 20; Record at 930-34. Based on this purported supportability and consistency, the Plaintiff argues that the ALJ was obligated to consider and give weight to NP Brown's status a treating provider in accordance with 20 C.F.R. § 404.1520c. *See id.* at 17-19; Reply at 5-6.

I find these points unavailing.

The Plaintiff cannot undermine the ALJ's finding that NP Brown's opinion was unsupported by her own treatment notes simply by pointing to evidence that might support a different conclusion, particularly where the Plaintiff does not meaningfully engage with the ALJ's extensive discussion of her treatment records—which included specific discussions of NP Brown's treatment notes—or the ALJ's overall conclusion that the Plaintiff's records showed consistently unremarkable examination findings.[3] *See* Record at 21-29; *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.) ("The mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand."), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019).

---

[3] For this same reason, I am not persuaded by the Plaintiff's additional argument that the ALJ failed to adequately articulate his reasons for discounting NP Brown's opinion. *See* Statement of Errors at 19. As the Commissioner points out, *see* Opposition at 10-11, when read holistically, the ALJ's decision makes the basis of his findings sufficiently clear. *See Christopher B. v. Berryhill*, No. 2:17-cv-00502-JAW, 2018 WL 5786210, at *3 n.2 (D. Me. Nov. 4, 2018) (rec. dec.) ("[I]t is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses." (cleaned up)), *aff'd*, 2019 WL 97019 (D. Me. Jan. 3, 2019).

Similarly, the fact that NP Brown's opinion may be consistent with NP Sevigny's opinion does not in itself undermine the ALJ's finding that NP Brown's opinion was inconsistent with the record as a whole, especially when the ALJ discounted NP Sevigny's opinion on the basis that it, too, was "not consistent with the record as a whole." Record at 29; *see Applebee v. Berryhill*, No. 1:17-cv-00003-NT, 2017 WL 6523138, at *9 (D. Me. Dec. 20, 2017) (rec. dec.) ("[T]he fact that an opinion may be consistent with other opinions of record does not in itself undermine an ALJ's finding that it is inconsistent with the record as a whole . . . ."), *aff'd*, 2018 WL 1548684 (D. Me. Mar. 29, 2018), *aff'd*, 744 F. App'x 6 (1st Cir. 2018).[4]

At bottom, these arguments are simply unavailing invitations for the Court to reweigh the evidence and reach a different conclusion. *See Becky K. G. v. Saul*, No. 1:20-cv-00089-GZS, 2020 WL 7418974, at *5 (D. Me. Dec. 17, 2020) (rec. dec.) ("[I]t is for the ALJ, not the court, to draw conclusions from the evidence and to resolve any conflicts therein."), *aff'd*, 2021 WL 66609 (D. Me. Jan. 7, 2021).

The Plaintiff's argument regarding 20 C.F.R. § 404.1520c fails for the same reasons. Moreover, to the extent that the Plaintiff relies on that regulation to argue that the ALJ should have given greater weight to NP Brown's opinion because of her status as a treating provider—or at least offered a greater explanation on this point— the Plaintiff misses the mark because the ALJ properly considered the two most important factors (supportability and consistency) when evaluating NP Brown's

---

[4] To the extent that the Plaintiff argues that the ALJ should have found NP Sevigny's opinion more persuasive because it is consistent with NP Brown's opinion, *see* Statement of Errors at 2, 20, that argument fails for the same reasons discussed in text.

opinion and was not obligated to discuss other factors such as treating relationship where he was not choosing between equally well-supported and consistent opinions. *See* 20 C.F.R. § 404.1520c(b) (providing that the most important factors when considering a medical opinion are supportability and consistency and that an ALJ is only required to articulate his consideration of other factors such as treating relationship when choosing between equally well-supported and consistent opinions); *cf. Kelly B. R. v. Kijakazi*, No. 2:20-cv-00339-JHR, 2022 WL 204634, at *3-4 (D. Me. Jan. 23, 2022) (rejecting a claimant's argument that an ALJ erred by failing "to articulate findings concerning" factors other than supportability and consistency where the ALJ did not find two or more opinions equally persuasive).[5]

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

[5] In a filing styled as a notice of supplemental authority, the Plaintiff further cites *Thomas A. v. Kijakazi*, No. 1:21-cv-00230-NT, 2022 WL 4129356, at *3-4 (D. Me. Sept. 12, 2022) (rec. dec.), *aff'd*, 2022 WL 4598761 (D. Me. Sept. 30, 2022), which is a recent decision from this Court remanding a matter where the ALJ discounted the side effects of a claimant's medication in a manner contrary to SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017). *See* Notice of Supplemental Authority (ECF No. 28). The Plaintiff asserts that *Thomas A.* "directly supports [her] position that the ALJ's RFC was not based on substantial evidence." *Id.* Given that the Plaintiff never raised the issue of the ALJ's compliance with SSR 16-3p—or even more generally argued that the ALJ failed to account for the effects of her medication—in any of her actual briefing, I find this to be an improper attempt to raise a new argument and will not address *Thomas A.* further.

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: January 27, 2022

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
